# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **SUCXESS LLC,** | |
| Plaintiff, | Case No. _____ |
| v. | Jury Trial Demanded |
| **SF MOTORS, INC.** **d/b/a SERES,** | |
| Defendant. | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Sucxess LLC, by and through the undersigned counsel, files this Complaint for Patent infringement against Defendant SF Motors, Inc. d/b/a Seres, and in support states:

## PARTIES

1. Plaintiff Sucxess LLC ("Sucxess") is a limited liability company organized and existing under the laws of the State of Michigan and having a principal place of business in Birmingham, Michigan.

2. Defendant SF Motors, Inc. d/b/a Seres ("Seres") is a corporation organized and existing under the laws of the State of Delaware that maintains its registered office at The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801, and a place of business in Santa Clara, California.

## JURISDICTION AND VENUE

3. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Defendant at least because Defendant is a corporation organized under the laws of the State of Delaware.

5. Venue is proper in this Judicial District under 28 U.S.C. §§ 1391 and 1400(b).

## THE PATENTS-IN-SUIT

6. U.S. Patent No. 10,027,505 (the "'505 Patent") was duly and legally issued on July 17, 2018. A true and correct copy of the '505 Patent is attached as **Exhibit A**.

7. U.S. Patent No. 10,454,707 (the "'707 Patent") was duly and legally issued on October 22, 2019. A true and correct copy of the '707 Patent is attached as **Exhibit B**.

8. The '505 Patent is a continuation of U.S. Patent Application 14/846,811, which is in turn a continuation of U.S. Patent Application 11/742,574, which was filed on April 30, 2007. The '707 Patent is a continuation of the '505 patent. The '505 Patent and the '707 Patent are hereinafter jointly referred to as the "Patents-in-Suit."

9. Sucxess is the assignee of all right, title, and interest in the Patents-in-Suit. It has the exclusive right to prosecute the present action for infringement of the Patents-in-Suit.

10. The Patents-in-Suit are valid and enforceable.

11. The Patents-in-Suit disclose a unique and valuable method, apparatus, and system for retrofitting vehicles. Importantly, the inventions disclosed in the patents encompass vehicles retrofitted as autonomous vehicle prototypes.

## COUNT I – INFRINGEMENT OF THE '505 PATENT

12. Plaintiff restates and incorporates by reference the foregoing allegations.

13. Defendant has infringed and, on information and belief, is now infringing, literally or under the doctrine of equivalents, some or all claims of the '505 Patent by making, using, offering to sell, or selling in the United States, or importing into the United States, one or more

automobiles, including one or more Lincoln MKZ automobiles, retrofitted with an Advanced Driver Assistance Systems ("ADAS") kit made by Dataspeed Inc. (the "Accused Vehicles.")

14. For example, claim 5 of the '505 Patent is infringed as follows:

a. The product-by-process claim 5 covers a vehicle that has been retrofitted according to the method as in claim 1. The Accused Vehicles have been retrofitted according to that method as follows.

b. The method in claim 1 comprises "providing a vehicle having a factory-installed first apparatus including a processor, programmed to communicate with a factory-installed second apparatus through a vehicle data bus with a first message having an identifier." To assemble an Accused Vehicle, Seres or a supplier to Seres purchases and retrofits a Lincoln MKZ with the Active Park Assist option, which comes equipped with various factory-installed apparatuses, such as PAM (park assist module), PSCM (power steering control module), PCM (powertrain control module), IPC (instrument panel cluster), GWM (gateway module), GSM (gearshift module), and TRCM (transmission range control module). Each apparatus includes a processor, which is programmed to communicate messages having CAN identifiers through a data bus (HS-CAN1 and/or HS-CAN2 and/or HS-CAN3) in the following exemplary combinations:

| First Apparatus | Second Apparatus | First Message |
|---|---|---|
| PSCM | PAM | Active park assist steering activation request |
| PSCM | GWM | Vehicle Speed |
| GMW | PSCM | Parking aid angle control status |
| GWM | PAM | Parking aid status |
| PAM | GWM | Parking aid angle control status |
| PAM, GWM | PCM | Vehicle Speed |
| IPC | GWM | Parking aid status |

| TRCM, GWM | GSM | Gear button data |
| GSM, GWM | TRCM | Gear confirmation |

b. The method in claim 1 further comprises "electrically disconnecting the vehicle data bus between the factory-installed first apparatus and the factory installed second apparatus." During a retrofit, Seres or Seres's supplier disconnects the vehicle data bus between the factory-installed first and second apparatuses, such as those identified above. On information and belief, Seres or Seres's supplier accomplishes this by, for example, removing a connector between the apparatuses.

c. The method in claim 1 further comprises "electrically connecting a retrofit apparatus to the vehicle data bus." During a retrofit, Seres or Seres's supplier installs a "throttle and brake by-wire controller module" and a "steering and shifting by-wire controller module," module," which are retrofit apparatuses connected to the vehicle data bus.

d. Finally, the method in claim 1 comprises "transmitting a second message from the retrofit apparatus to the factory-installed first apparatus, the second message being indistinguishable from the first message." Each of the retrofit apparatuses installed and used by Seres or Seres's supplier transmits a second message to the factory-installed first apparatus in the manner described in the claim. For example, the Accused Vehicles modify the steering and shifting signals to cause factory-installed systems, including TRCM and PSCM, to operate the vehicle without a human driver.

15. To take another example, claim 6 of the '505 Patent is infringed as follows:

a. The apparatus in claim 6 comprises "a factory-installed first apparatus including a first processor which is programmed to receive a first message on a vehicle data bus from a factory-installed second apparatus." The Accused Vehicles have a factory-installed first

apparatus, which is programmed to receive a first message on a vehicle data bus from a factory-installed second apparatus. Exemplary combinations include the following PSCM input messages:

| First Message | Second Apparatus | Message Purpose |
|---|---|---|
| Active park assist steering activation request | PAM | Request the PSCM to allow the PAM to take control of the steering angle |
| Vehicle speed | PCM | Disables the active park assist if vehicle speed is too high during a maneuver |

        b.      The apparatus in claim 6 further comprises "a retrofit apparatus connected to the vehicle data bus including a second processor programmed to transmit a second message which mimics the first message." The Accused Vehicles have a "steering and shifting by-wire controller module," a retrofit apparatus that has been connected to the vehicle data bus (HS-CAN1 and/or HS-CAN2). There is wiring to connect this apparatus. The "steering and shifting by-wire controller module" includes a second processor that is programmed to transmit a second message that mimics the first message.

16.    As a result of Defendant's infringement of the '505 Patent, Plaintiff has suffered damages.

17.    Plaintiff is therefore entitled to a money judgment in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the court.

18.    Defendant has been aware of the '505 Patent and its infringement of the '505 Patent since no later than July 11, 2018, when Sucxess sent a letter identifying the patent and setting forth its infringement allegations.

19. Despite Defendant's knowledge of the '505 Patent and its infringement, Defendant has, on information and belief, continued to infringe the '505 Patent. Accordingly, Defendant's infringement has been and is willful, thus entitling Plaintiff to enhanced (treble) damages.

### COUNT II – INFRINGEMENT OF THE '707 PATENT

20. Plaintiff restates and incorporates by reference the foregoing allegations.

21. Defendant has infringed and, on information and belief, is now infringing, literally or under the doctrine of equivalents, some or all claims of the '707 Patent by making, using, offering to sell, or selling in the United States, or importing into the United States, one or more automobiles retrofitted with an ADAS kit made by Dataspeed Inc.

22. For example, claim 5 of the '707 Patent is infringed as follows:

    a. The product-by-process claim 5 covers a vehicle that has been retrofitted according to the method as in claim 1. The Accused Vehicles have been retrofitted according to that method as follows.

    b. The method in claim 1 comprises "providing a vehicle having a factory-installed first apparatus electrically connected to a factory-installed second apparatus, the factory-installed second apparatus being configured to receive an electrical signal from the factory-installed first apparatus." To assemble an Accused Vehicle, Seres or a supplier to Seres purchases and retrofits a Lincoln MKZ with the Active Park Assist option, which comes equipped with various factory-installed apparatuses, such as PAM (park assist module), PSCM (power steering control module), PCM (powertrain control module), IPC (instrument panel cluster), GWM (gateway module), GSM (gearshift module), and TRCM (transmission range control module). The factory installed apparatuses are electrically connected to one another and exchange electrical

signals through a data bus (HS-CAN1 and/or HS-CAN2 and/or HS-CAN3) in the following exemplary combinations:

| Second Apparatus | First Apparatus | Electrical Signal |
|---|---|---|
| GWM | PAM | Active park assist steering activation request (through HS1-CAN) |
| PSCM | GWM | Active park assist steering activation request (through HS2-CAN) |
| PSCM | GWM | Vehicle Speed (through HS2-CAN) |
| GMW | PSCM | Parking aid angle control status (through HS2-CAN) |
| GWM | PAM | Parking aid status (through HS1-CAN) |
| PAM | GWM | Parking aid angle control status (through HS1-CAN) |
| PAM, GWM | PCM | Vehicle Speed (through HS1-CAN) |
| IPC | GWM | Parking aid status (through HS3-CAN) |
| TRCM, GWM | GSM | Gear button data (through HS2-CAN) |
| GSM, GWM | TRCM | Gear confirmation (through HS2-CAN) |

      c.      The method in claim 1 further comprises "electrically disconnecting the factory-installed first apparatus from the factory-installed second apparatus." During a retrofit, Seres or Seres's supplier disconnects the vehicle data bus between the factory-installed first and second apparatuses, such as those identified above. On information and belief, Seres or Seres's supplier accomplishes this by, for example, removing a connector between the apparatuses.

      d.      The method in claim 1 further comprises "electrically connecting a retrofit apparatus to the factory-installed first apparatus and to the factory-installed second apparatus."

7

During a retrofit, Seres or Seres's supplier installs a "throttle and brake by-wire controller module" and a "steering and shifting by-wire controller module," module," which are retrofit apparatuses connected to the vehicle data bus and thereby electrically connected to the first apparatus and to the second apparatus.

   e. Finally, the method in claim 1 comprises "generating a mimicked electrical signal in the retrofit apparatus independently of the electrical signal from the factory-installed first apparatus and receiving the mimicked electrical signal in the factory-installed second apparatus." Each of the retrofit apparatuses installed and used by Seres or Seres's supplier generates mimicked electrical signals in the form of spoofed CAN messages. The spoofed CAN messages are received by the second apparatus. For example, the Accused Vehicles modify the steering and shifting signals to cause factory-installed systems, including TRCM and PSCM, to operate the vehicle without a human driver. The mimicked electrical signals are independently generated.

   23. To take another example, claim 6 of the '707 Patent is infringed as follows:

   a. The apparatus in claim 6 comprises "a factory-installed first apparatus configured to generate an electrical signal and a factory-installed second apparatus configured to receive the electrical signal." The Accused Vehicles have a factory-installed first apparatus, which is programmed to transmit an electrical signal, in the form of a CAN bus message, to a factory installed second apparatus, which is configured to receive the electrical signal (CAN bus message). Exemplary combinations include the following PSCM input messages:

| First Apparatus | Second Apparatus | Electrical Signal |
|---|---|---|
| PAM (through GWM) | PSCM | Active park assist steering angle request (used to command the steering angle during active park assist maneuvers) |
| PCM | PSCM | Vehicle speed (disables the active park assist if vehicle |

| | | speed is too high during a maneuver) |
|---|---|---|

b.   The apparatus in claim 6 further comprises "a retrofit apparatus electrically connected to the factory-installed second apparatus" The Accused Vehicles have a "steering and shifting by-wire controller module", a retrofit apparatus that has been electrically connected to the PSCM through HS-CAN2.

c.   Finally, the apparatus in claim 6 further requires that "the retrofit apparatus generates a mimicked electrical signal independently of the electrical signal generated by the factory-installed" and that "the factory-installed second apparatus receives the mimicked electrical signal" In the Accused Vehicles, the "steering and shifting by-wire controller module" retrofit apparatus generates a mimicked "steering angle request" and/or "vehicle speed" electrical signal (CAN signal). The mimicked signal is independently generated by the retrofit apparatus. The PSCM receives the mimicked signal.

24.   As a result of Defendant's infringement of the '707 Patent, Plaintiff has suffered damages.

25.   Plaintiff is therefore entitled to a money judgment in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the court.

26.   Prior to filing suit, Sucxess sent a letter to Plaintiff making it aware of the '707 Patent and its infringement of the '707 Patent.

27.   Despite Defendant's knowledge of the '707 Patent and its infringement, Defendant has, on information and belief, continued to infringe the '707 Patent. On information and belief, Defendant's infringement has been and is willful, thus entitling Plaintiff to enhanced (treble) damages.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

Plaintiff Sucxess LLC respectfully requests that the Court find in its favor and against Defendant SF Motors, Inc. d/b/a Seres, and that the Court grant Plaintiff the following relief:

A. an adjudication that Defendant has infringed the '505 and '707 Patents;

B. an award of damages to be paid by Defendant adequate to compensate Plaintiff for Defendant's past infringement of the '505 and '707 Patents and any continuing infringement through the date such judgment is entered, including pre-judgment and post-judgment interest, costs, expenses, and an accounting of all infringing acts;

C. an order requiring Defendant to pay a royalty for any continued infringement after the date judgment is entered;

D. an award of treble damages under 35 U.S.C. § 284;

E. any injunctive relief to which Plaintiff may be entitled; and

F. any and all such further relief at law or in equity that the Court may deem just and proper, including but not limited to attorneys' fees.

Dated: November 12, 2019

*Of Counsel:*

Maxwell Goss
Maxwell Goss, PLLC
370 E. Maple Road, Third Floor
Birmingham, Michigan 48009
Office: (248) 266-5879
max@maxwellgoss.com

Respectfully submitted by:

*/s/ George Pazuniak*
George Pazuniak (DE Bar 478)
O'Kelly Ernst & Joyce, LLC
901 N. Market St.
Suite 1000
Wilmington, DE 19801
Tel: 302-478-4230
Email: GP@del-iplaw.com
*Attorneys for Plaintiff*